.Gulf, Colorado & Santa Fe Railway Company v. R. L. Dunman.

Decided October 21, 1903.

**1.—Damages—Contract Limiting Liability—Evidence—Charge Refused.**

The defendant company having specially pleaded and proved a written contract of shipment limiting its liability to its own line, requested a charge to the effect that " * * * you should not embrace in any verdict, if any you may render herein, any damages to plaintiff's cattle, if any, caused by the Fort Worth & Rio Grande Railway Company, its agents or employes, if any, and it would be your duty to exclude any such damages, if any, from your verdict." Held, that, under the proof (see opinion) the instruction should have been given.

**2.—Same.**

Note the opinion for evidence the admission of which though probably not reversible error was improper. .

Appeal from the County Court of Coleman. Tried below before Hon. B. .F. Rose.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*Woodward, Baker & Woodward,* for appellee.

STREETMAN, Associate Justice.—Appellee shipped twenty-eight head of cattle from Coleman, Texas, consigned to East St. Louis, Ill. They were stopped and sold at Dallas, Texas, appellee claiming that they were too badly damaged to complete the trip. Damages were claimed on account of delays, rough handling, etc., between Coleman and Dallas.

The evidence shows that the cattle left Coleman at 3:30 p. m. March 31, 1902. They were carried .to Brownwood on appellant's line and reached there that evening, remained there two hours, and were then delivered to the Fort Worth & Rio Grande Railway Company. By this road, they were carried to Cresson, Texas, where they arrived at 4 o'clock Sunday morning, April 1st. They were unloaded into the pens of the Fort Worth & Rio Grande Company, and remained in said pens until 4:45 p. m., without food or water. They were then delivered to the appellant's road and carried by it to Cleburne and thence to Dallas, reaching Dallas about 12:25 Monday morning.

The evidence does not show that there was any effort made by the Fort Worth & Rio Grande road at Cresson to deliver the cattle to the Santa Fe, and it shows that they were not delivered to it, but that during the twelve hours delay at that place they were in possession of the Fort Worth & Rio Grande road.

Appellant specially plead a written contract of shipment limiting its liability to its own line; and requested the following special instruction, which was refused: "You are instructed in this case that you should not embrace in any verdict, if any you may render herein, any damages to plaintiff's cattle, if any, caused by the Fort Worth &

Rio Grande Railway Company, its agents or employes, if any, and it would be your duty to exclude any such damages, if any, from your verdict."

Under the pleadings and evidence in this case this instruction should have been given. While the charge of the court stated that the injury must have been caused by the negligence of defendant, it nowhere affirmatively and specifically applied the law to this defense clearly raised by the pleadings and evidence.

As the case must be reversed, it is unnecessary to consider the assignments complaining of the excess in the verdict and the insufficiency of the evidence.

Appellant's second assignment of error complains that appellee was permitted to testify that while the cattle were in the pens of the Fort Worth & Rio Grande Railway Company at Cresson, he asked the agent of appellant to feed and water said cattle. As the record now stands, it does not appear that appellant or its agent had any control or authority over these cattle at the time the request was made; and the contract of shipment further provides that appellee should feed and water the cattle. In view of these facts, while we might not hold it to be reversible error, we think the testimony was inadmissible.

We have examined all of the other assignments and find no error except as herein pointed out.

On account of the error in refusing to give the special charge above set out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*